United States District Court
Southern District of Texas
**ENTERED**
September 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. L-15-662 |
| v. | § | |
| | § | CIVIL ACTION NO. L-19-0169 |
| CHARLES FRANCIS HURT | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Francis Hurt, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 167.) The Government filed a response in opposition (Docket Entry No. 200), to which petitioner filed a reply (Docket Entries No. 201, 202).

Having considered the section 2255 motion, the response in opposition, the reply, the record, and the applicable law, the Court **DENIES** petitioner's motion, as explained below.

## I. BACKGROUND AND CLAIMS

Petitioner pleaded guilty pursuant to a written plea agreement to attempted sexual enticement and coercion of a minor, in violation of 18 U.S.C. § 2422(b). The Court imposed the statutory minimum sentence of 120 months' imprisonment. Judgment was entered on April 25, 2017, and affirmed by the Fifth Circuit Court of Appeals on September 28, 2018. *United States v. Hurt*, Appeal No. 17-40467 (5th Cir. 2018).

Petitioner raises numerous claims for ineffective assistance of counsel, many of which are improperly multifarious and repetitive. For purposes of efficiency and clarity and to

avoid duplication of claims, the Court has regrouped and renumbered petitioner's claims, as follows.

Trial counsel was ineffective in failing to

1.    consult with him before waiving the preliminary hearing;

2.    challenge the arrest for lack of probable cause;

3.    challenge the warrantless arrest as invalid;

4.    object to lack of a probable cause affidavit in the complaint;

5.    object to the AUSA's failure to file a proper notice of appearance;

6.    file a proper notice of appearance;

7.    object that two docket entries were "out of numeric order";

8.    object that the offense "did not qualify with the categorical approach";

9.    raise objections under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019);

10.   challenge the superseding indictment for excluding Texas Penal Code ("TPC") § 15.01 (Criminal Attempt);

11.   challenge TPC § 22.011 as not falling under the Assimilative Crimes Act ("ACA");

12.   argue that "to be guilty of TPC § 22.011 one would have had to have been in the state of Texas and with contact of an actual victim";

13.   challenge the superseding indictment because it was improperly signed and invalid "due to the First Indictment did not fall within the Constitutional Due Process to issue such warrant";

14.   appear at a hearing on July 28, 2015;

2

15.    argue that petitioner's conduct did not fall under TPC § 22.011;

16.    assert petitioner's actual innocence based on errors raised herein;

17.    "place" a motion to withdraw guilty plea, which was not in the record or disclosed to petitioner;

18.    object to the PSR;

19.    object to the Court's lack of subject matter jurisdiction.

Petitioner further claims that appellate counsel was ineffective in failing to comply with the Fifth Circuit Court of Appeals' orders of December 21, 2017, and February 12, 2018.

The Government argues that habeas relief should be denied because petitioner's claims have no merit and/or were waived by his guilty plea.

## II.   LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).  If the error is not of constitutional or jurisdictional

magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

4

466 U.S. 668, 687 (1984). A court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

A counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). To overcome that presumption, a habeas petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 121–22 (internal quotations omitted). The standard for judging counsel's representation is a deferential one. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.*

Petitioner claims that trial counsel was ineffective in the following particulars.

1. <u>Failure to consult with him before waiving the preliminary hearing</u>

In his first claim, petitioner argues that trial counsel was ineffective for failing to consult with him before waiving his right to a preliminary hearing.

This claim was waived by petitioner's knowing and voluntary guilty plea, which waived all non-jurisdictional defects in his case. *See United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) ("It is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the

plea has the effect of waiving all non-jurisdictional defects in the prior proceedings."). This waiver includes claims of ineffective assistance of trial counsel, except insofar as the ineffectiveness rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). In affirming petitioner's conviction in this case, the Fifth Circuit expressly stated that, "The re-arraignment transcript establishes that the guilty plea was knowing and voluntary and that [petitioner] received close assistance of counsel." *Hurt*, Appeal No. 17-40467.

Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary. Regardless, petitioner's claim is refuted by the record, as he personally signed the preliminary hearing waiver on July 8, 2015. (Docket Entry No. 4.) Moreover, petitioner confirmed at his re-arraignment hearing that he had an opportunity to discuss his case with counsel and was "satisfied with [his] legal representation." (Docket Entry No. 101, p. 6.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *United States v. Wilkes*, 20 F.3d at 651, 653 (5th Cir. 1994). Petitioner's conclusory allegations of ineffective assistance are unsupported in the record and fail to overcome the strong presumption of verity. This claim is dismissed.

2.      Failure to challenge the arrest for lack of probable cause

In his second claim, petitioner complains that trial counsel failed to challenge his arrest for lack of probable cause. Petitioner's guilty plea waived this claim, and he does not allege, much less show, that counsel's purported error rendered his plea involuntary.

6

Regardless, the claim is groundless. The record shows that law enforcement officers arrested petitioner at a Laredo airport on June 5, 2015, for violation of sections 2422(b) and 2423(b). (Docket Entry No. 101, pp. 24–27.) On June 8, 2015, a criminal complaint was sworn and signed by law enforcement officers before a magistrate judge. According to the complaint, there was probable cause that, on or about June 5, 2015, petitioner: (1) attempted to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity, in violation of section 2422(b); and (2) traveled with the intent to engage in illicit sexual conduct, in violation of section 2423(b). (Docket Entry No. 1.)

The complaint included an affidavit from a special agent of Homeland Security Investigations detailing the probable cause underlying petitioner's arrest. The affidavit testimony included the following:

1.   On May 5, 2015, law enforcement initiated an online investigation of petitioner.

2.   From May 5 to June 5, 2015, petitioner communicated via cell-phone text, email, and video chat detailing his intended plan to engage in sexual acts with a 14-year-old girl.

3.   The type of sexual conducted described by petitioner, if it occurred with a 14-year-old girl, would be considered sexual assault and statutory rape, in violation of Texas law.

4.   On June 5, 2015, petitioner traveled from Tennessee to Texas for the purpose of engaging in a sexual act with a 14-year-old girl and was arrested.

5.   After being advised of his rights, petitioner acknowledged that he sent the sexually explicit communications.

7

(Docket Entry No. 1, p. 2.)  Thus, sufficient probable cause supported petitioner's arrest. Moreover, "the Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred." *Florida v. White*, 526 U.S. 559, 565 (1999).

The criminal complaint also properly complied with Federal Rules of Criminal Procedure 4 and 5.  Rule 4(a) requires that a "complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it."  Rule 5(b) provides that, "If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed."  In the instant case, petitioner was arrested on Friday, June 5, 2015, and the complaint and supporting affidavit were filed the next business day, Monday, June 8, 2015.  (Docket Entries No. 1, 101.) Consequently, Rule 4(a) and 5(b) were not violated.

To prevail on his claims of ineffective assistance of counsel, petitioner must demonstrate that, had counsel raised the objections proffered by petitioner, there is a reasonable probability that the objections would have been granted.  *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) (holding that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that "[c]ounsel cannot be deficient for failing to press a frivolous point").  Petitioner's conclusory allegations do not meet this burden, and no ineffective assistance is shown.

Petitioner's claim lacks merit and is dismissed.

### 3.     Failure to challenge the warrantless arrest as invalid

Petitioner contends that his warrantless arrest was unconstitutional because "no warrant = no arrest." (Docket Entry No. 201, p. 6.)  Petitioner's guilty plea waived this claim, and he fails to allege and show that counsel's purported error rendered his guilty plea involuntary.

Regardless, petitioner's statement of the law is incorrect.  His warrantless arrest was proper because it occurred in a public place and was supported by probable cause, as detailed in the complaint and affidavit filed promptly afterward.  *See White*, 526 U.S. at 565. Petitioner's misstatement of the law demonstrates neither deficient performance nor prejudice under *Strickland*, and this claim is dismissed.

### 4.     Failure to object to lack of a probable cause affidavit

Petitioner asserts that the complaint in his case lacked a probable cause affidavit. Petitioner's guilty plea waived this claim, and he fails to allege and show that counsel's purported error rendered his guilty plea involuntary.

Regardless, his argument is factually incorrect.  The criminal complaint included a sworn affidavit that sufficiently established probable cause. (Docket Entry No. 1.) Petitioner demonstrates neither deficient performance nor prejudice, and this claim is dismissed.

5.    Failure to object to lack of a notice of appearance by AUSA

Petitioner claims that the grand jury proceedings, indictment, superseding indictment, and plea agreement were all invalid because the AUSA failed to file a notice of appearance prior to taking action against him. He contends that, but for counsel's failure to challenge this invalidity, there is a reasonable probability that the result of his case would have been different.

This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, the AUSA's activities prior to her filing a notice of appearance were valid because she undisputedly represented the Government. This was clear through her written statements on file and representations in open court, and petitioner presents nothing to the contrary. This claim is groundless and is dismissed.

6.    Failure to file proper notices of appearance

Petitioner also complains that counsel was ineffective in failing to file proper notices of appearance. He claims that, but for this deficient performance, there is a reasonable probability that the result of his case would have been different.

This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, the Court's docket shows that defense counsel made and/or filed appearances in an appropriate and timely manner. (Docket Entries No. 42, 45, 46.)

Petitioner shows neither deficient performance nor prejudice under *Strickland*, and this claim is dismissed.

7. Failure to object to two docket entries as "out of numeric order"

Petitioner complains that counsel failed to object that two docket entries – No. 7 and No. 48 – were out of numerical order on the Court's docket. The Court notes that the entries are in proper chronological sequence. Petitioner's guilty plea waived this claim, and he fails to show that counsel's failure to object rendered his guilty plea involuntary.

Regardless, petitioner's argument raises no cognizable ground for federal habeas relief, as he has no constitutional or other federal right to have docket entries appear in any particular form or fashion. Petitioner fails to show that, but for counsel's failure to object to the placement of Docket Entry No. 7 and No. 48, there is a reasonable probability that the result of his case would have been different. This claim lacks merit and is dismissed.

8. Failure to object to "lack of a categorical or modified-categorical approach"

Petitioner raises several variations of his claim that the Court neglected to apply a "categorical or modified categorical approach" to his prosecution. According to petitioner, had trial counsel raised this objection, the result of his case would have been different.

This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, petitioner is incorrect, as the categorical and modified-categorical approaches do not apply in his case. Certain recidivist sentencing provisions—such as the

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and the career-offender enhancement, U.S.S.G. § 4B1.1—require the court to determine whether the defendant incurred a prior conviction for the type of offense described in the sentencing provision. To determine whether a defendant's crime meets the pertinent definition, the courts often will apply a "categorical approach" or "modified categorical approach." *United States v. Enrique-Ascencio*, 857 F.3d 668, 676 (5th Cir. 2017).

Petitioner's prosecution here did not involve any provision requiring analysis under the categorical or modified-categorical approach. Petitioner pleaded guilty to attempting to persuade, induce, entice and coerce a minor to engage in criminal sexual activity in violation of section 2422(b). Section 2422(b) does not contain a recidivist sentencing provision, nor did petitioner's guidelines range involve any such provision. (Docket Entries No. 85, 100.) Indeed, petitioner received the statutory minimum sentence. *Id.* Any challenge under the categorical or modified-categorical approach would have been meritless in this case, and trial counsel was not ineffective in advising petitioner to plead guilty without consideration of the approach. This claim lacks merit and is dismissed.

9. Failure to challenge TPC § 22.011 as unconstitutionally vague under *Davis*

Petitioner next alleges that trial counsel should have argued that TPC § 22.011 is unconstitutionally vague under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

12

Regardless, petitioner's claim is groundless. In *Davis*, the Supreme Court held that the residual clause definition in section 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2325–36. Under section 924(c)(3)(B), it was a separate crime for a defendant who committed a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. at 2323. The Supreme Court struck down this provision as unconstitutionally vague for the reasons set forth in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), wherein it held similarly worded provisions of the ACCA as unconstitutionally vague.

*Davis* is inapplicable to TPC § 22.011, as the state statute does not contain any language akin to the provisions struck down in *Davis*. Nor does petitioner demonstrate that TPC § 22.011 is unconstitutionally vague. His claims of ineffective assistance are nothing more than unsupported assertions of personal opinion that are insufficient to raise a constitutional issue. *See Pineda*, 988 F.2d at 23. This claim is dismissed.

10.   Failure to challenge the superseding indictment for excluding TPC § 15.01 (Criminal Attempt)

Petitioner argues that counsel was deficient in failing to challenge the superceding indictment as lacking reference to the "Criminal Attempt" provision of TPC § 15.01. This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

13

Regardless, no ineffective assistance of counsel is shown. Petitioner pleaded guilty to Count One of the superseding indictment, which charged him with attempting to persuade, induce, entice, and coerce a minor to engage in criminal sexual activity "in violation of Section 22.011 of the Texas Penal Code[,] [i]n violation of Title 18, United States Code, Section 2422(b)." (Docket Entry No. 14, p. 1.) The superceding indictment did not need to rely on TPC § 15.01 as a source for pleading "criminal attempt," as section 2422(b) contains its own language for an attempted offense: "Whoever . . . knowingly persuades, induces, entices, or coerces any individual . . . *or attempts to do so* . . . ." 18 U.S.C § 2422(b) (emphasis added). Thus, the statute itself criminalizes the attempted enticement of a minor to engage in criminal sexual activity.

Because the superseding indictment properly referenced § 2422(b), which covered petitioner's charged "attempt" conduct, independent reference to TPC § 15.01 was unnecessary. Petitioner fails to demonstrate that, but for counsel's failure to raise this objection to the superceding indictment, there is a reasonable probability that the result of his case would have been different. Petitioner's claim is dismissed as groundless.

11.    Failure to challenge TPC § 22.011 under the ACA

Petitioner next argues that trial counsel should have challenged TPC § 22.011 as not falling under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13(a). This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

14

Regardless, petitioner fails to show that the ACA had any bearing on his criminal charges. The ACA assimilates into federal law, and therefore makes applicable on federal enclaves (such as U.S. military bases), certain criminal laws of the state in which the enclave is located. *Lewis v. United States*, 523 U.S. 155, 158 (1998). These federal enclaves are defined in 18 U.S.C. § 7, titled "Special maritime and territorial jurisdiction of the United States." Nothing in the record in the instant case indicates that petitioner's criminal conduct occurred within a federal enclave. Petitioner establishes neither deficient performance nor prejudice under *Strickland*, and his claim is dismissed.

12. <u>Failure to argue that "to be guilty of TPC § 22.011 one would have had to have been in the state of Texas and with contact of an actual victim"</u>

Petitioner contends that trial counsel failed to argue that "to be guilty of TPC § 22.011 one would have had to have been in the state of Texas and with contact of an actual victim." This claim was waived by petitioner's knowing and voluntary guilty plea, and petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, petitioner's argument has no merit. Petitioner pleaded guilty to the offense of attempted enticement of a minor to engage in criminal sexual activity under section 2422(b). He was not charged with a state offense of sexual assault under TPC § 22.011. As part of his guilty plea, petitioner admitted that in May and June 2015, he posted the sexual advertisement on Craigslist, exchanged online and phone messages with individuals he thought were a mother and her 14-year-old daughter, attempted to entice them to have sex with him, and traveled from Tennessee to Texas to have sex with them. (Docket

Entry No. 101, pp. 24–26.) Based on this, the Government correctly pleaded and established all of the necessary elements of an offense under section 2422(b).[1]

To the extent petitioner argues that he did not have contact with an actual victim, his argument is foreclosed by the Fifth Circuit Court of Appeals' decision in *United States v. Farner*, 251 F.3d 510 (5th Cir. 2001). In *Farner*, the defendant exchanged online messages with an individual he thought was a 14-year-old girl, attempted to entice her to have sex with him, and then traveled to have sex with her. As in the instant case, the "girl" was an undercover federal agent, and the defendant was convicted of attempted enticement of a minor. *Id.* at 511. On appeal, the defendant argued that it "was legally impossible" for him to have committed the crime since the "minor" involved in the case was actually an adult. *Id.* at 512. The Fifth Circuit rejected this argument, stating that the defendant "intended to engage in sexual acts with a 14–year–old girl and [] he took substantial steps toward committing the crime." *Id.* at 513. *See also United States v. Barrow*, 568 F.3d 215, 219 n.9 (5th Cir. 2009) (holding that section 2422(b) "does not require that the sexual contact occur, but that the defendant sought to persuade the minor to engage in that contact.").

---

[1]For "attempt," the Government had to prove that petitioner: "(1) acted with the culpability required to commit the underlying substantive offense, and (2) took a substantial step toward its commission." *United States v. Barrow*, 568 F.3d 215, 219 (5th Cir. 2009). For the underlying violation of section 2422(b), the Government had to prove that petitioner intended to persuade, induce, entice, or coerce a person whom he believed to be a minor into illegal sexual contact and took a substantial step toward that persuasion or enticement," as well as that he used a means of interstate commerce. *Id.* at 219 n.9 (quoting section 2422). "[The statute does not require that the sexual contact occur, but that the defendant sought to persuade the minor to engage in that contact." *Id.*

Petitioner's argument is foreclosed by Fifth Circuit precedent. He establishes neither deficient performance nor prejudice under *Strickland*, and this claim is dismissed.

13. Failure to challenge the superseding indictment as improperly signed and invalid "due to the First Indictment did not fall within the Constitutional Due Process to issue such warrant"

Petitioner next asserts that counsel should have argued that the superceding indictment was improperly signed and invalid "due to the First Indictment did not fall within the Constitutional Due Process to issue such warrant." It is not clear what petitioner is attempting to argue in the latter part of his claim. Nevertheless, his guilty plea waived any challenges to the sufficiency of the indictments and to counsel's performance in this instance.

The record shows that the Government properly signed the indictment and superceding indictment. (Docket Entries No. 1, 14.) Petitioner's conclusory assertions of constitutional deficiencies are unsupported in the record and insufficient to raise a viable habeas claim. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and this claim is dismissed.

14. Failure to appear at a hearing on July 28, 2015

Petitioner alleges that counsel failed to appear in court on July 28, 2015, which he claims was a critical stage of the criminal proceedings. This claim was waived by petitioner's knowing and voluntary guilty plea, and petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, the record indicates that July 28, 2015, was petitioner's initial appearance before a magistrate judge following the superceding indictment. (Docket Entry No. 19.) A public defender had been appointed to petitioner's case on June 8, 2015. (Docket Entry No. 3.) The minutes of the hearing clearly state that "Defendant appeared with attorney." (Docket Entry No. 19.) Petitioner was represented by counsel at the hearing, and this claim is dismissed as groundless.

15. <u>Failure to argue that petitioner's conduct did not fall under TPC §</u> <u>22.011</u>

Petitioner contends that, had counsel argued that his conduct did not meet the requirements of TPC § 22.011, there is a reasonable probability that the result of his case would have been different. This claim was waived by petitioner's knowing and voluntary guilty plea. Petitioner does not argue, much less show, that counsel's alleged error rendered his plea involuntary.

Regardless, the claim has no merit. Petitioner was convicted of the federal offense of attempted enticement of a minor to engage in criminal sexual activity under section 2422(b). He was not convicted of sexual assault under TPC § 22.011. Petitioner admitted in writing and in open court to a factual basis that correctly proved all the elements of section 2422(b). (Docket Entries No. 36, 101). Petitioner establishes neither deficient performance nor prejudice under *Strickland*, and this claim is dismissed.

18

16.   <u>Failure to assert actual innocence based on errors raised herein</u>

Petitioner argues that counsel should have asserted actual innocence based on one or more of the habeas claims raised in this section 2255 proceeding.  Because the Court has rejected the claims raised by petitioner in this proceeding, he demonstrates neither deficient performance nor prejudice under *Strickland*.  This claim is dismissed.

17.   <u>Counsel "placed" a motion to withdraw guilty plea, which was not in the record or disclosed to petitioner</u>

Petitioner appears to argue that counsel "placed" a motion to withdraw the guilty plea, which motion was not in the record or disclosed to petitioner.

Petitioner does not explain what he means by "placed," but the motion to withdraw guilty plea, and the order denying the motion, appear in the record.  (Docket Entries No. 62, 73.)  Indeed, the motion and order were the subject of petitioner's direct appeal.  On appeal, the Fifth Circuit affirmed the judgment, declaring that the record established that petitioner's guilty plea was knowing and voluntary and that he received close assistance of counsel. *Hurt*, Appeal No. 17-40467.  The Fifth Circuit concluded that this Court did not abuse its discretion in denying petitioner's motion to withdraw his guilty plea or by declining to hold an evidentiary hearing. *Id.*

Petitioner fails to show deficient performance or prejudice under *Strickland*, and this claim is dismissed for lack of merit.

19

18.   <u>Failure to object to the PSR</u>

Petitioner complains that counsel failed to raise objections to the PSR.  He states that he gave his attorney twenty handwritten pages of his objections to the PSR, including notes from his mother, but that counsel did not follow through.

At the sentencing hearing in this case, defense counsel stated the following:

> Your Honor, the report properly calculates the Guideline.   We have no objection to the calculation of the Guideline score.  And we also – *I have gone through the Presentence Investigation Report.  I have reviewed that with my client.*  I reviewed the Presentence Investigation Report.   There's a lot of factual parts to the Presentence Investigation Report.  I have reviewed the – for example, there's a list of messages.   I have reviewed all of those messages against the forensic reports.  They're all accurate.

(Docket Entry No. 100, p. 4, emphasis added.)  Petitioner voiced no disagreements with counsel at that time or raise any objections to the PSR.  Petitioner then presented an allocution that spanned four pages of the hearing transcript, again voicing no disagreements with counsel or raising objections to the PSR.  *Id.*, pp. 5–8.

Petitioner attached to his section 2255 motion copies of the purported twenty handwritten pages of his line-by-line comments to the PSR, as well as a letter from his mother. (Docket Entry No. 167-3, pp. 1–22.)  The documents are unauthenticated and were not made part of the habeas record.  Regardless, petitioner does not identify any particular comment as falling within his claim for ineffective assistance, nor does he identify any particular objection counsel should have raised.   *See United States v. Aguilar*, No. 09-CR-206, 2010 WL 2472173, at *5 (S.D. Tex. 2010) (rejecting defendant's similar section

2255 claim because he "has not identified what those [PSR] objections are"). Moreover, petitioner fails to demonstrate that, but for counsel's failure to raise any particular objection to the PSR, he would have received a lesser sentence. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). This is especially true given that petitioner received the statutory minimum sentence for his offense.

Petitioner establishes neither deficient performance nor prejudice under *Strickland*, and this claim is dismissed.

### 19.   Failure to object to lack of subject matter jurisdiction

Petitioner claims that counsel failed to object to this Court's lack of subject matter jurisdiction over his criminal prosecution. Although his arguments regarding subject matter jurisdiction are difficult to follow, they are incorrect.

Subject matter jurisdiction is straightforward in the criminal context. *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). Under 18 U.S.C. § 3231, "[The district courts of the United States have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. To invoke this jurisdictional grant, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. *United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014).

Defects in the indictment, such as insufficient factual allegations, do not deprive the court of jurisdiction. *Id.* As the Supreme Court has clarified, "a district court has jurisdiction of all crimes cognizable under the authority of the United States and the objection that the

indictment does not charge a crime against the United States goes only to the merits of the case." *United States v. Cotton*, 535 U.S. 625, 630–31 (2002).

Petitioner pleaded guilty to Count One of the superseding indictment, which read as follows:

> On or between May 5, 2015, and June 5, 2015, within the Southern District of Texas and elsewhere, [petitioner], defendant herein, by use of the United States mail and by means of a facility of interstate and foreign commerce, did knowingly and intentionally attempt to persuade, induce, entice, and coerce a person whom defendant believed had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense under the laws of the State of Texas, that is, the crime of sexual assault upon a person between the ages of 14 and 16 years of age, in violation of Section 22.011 of the Texas Penal Code. In violation of Title 18, United States Code, Section 2422(b).

(Docket Entry No. 14, p. 1.)

The applicable federal criminal statute, 18 U.S.C. § 2422(b), "Coercion and Enticement," provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

The superceding indictment in this case met the basic jurisdictional requirements by essentially tracking the federal statute. Petitioner's disagreements with factual allegations,

probable cause, compliance with rules, or other matters did not divest this Court of subject matter jurisdiction under 18 U.S.C. § 3231.

Petitioner fails to demonstrate that, had counsel challenged the Court's subject matter jurisdiction, the objection would have been granted. In absence of deficient performance and prejudice, no *Strickland* violation is shown and this claim is dismissed as groundless.

## IV.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Claims of ineffective assistance of appellate counsel for purposes of section 2255 are generally assessed under the familiar *Strickland* metric. *United States v. Phillips*, 210 F.3d 345 (5th Cir. 2000). Petitioner must show that appellate counsel's actions were unreasonable and prejudicial under *Strickland*. To establish prejudice, petitioner must prove that, but for appellate counsel's alleged deficiencies, there is a reasonable probability that he would have prevailed on appeal. *See Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Petitioner claims that appellate counsel was ineffective in failing to comply with the Fifth Circuit Court of Appeals' orders of December 21, 2017, and February 12, 2018. The Fifth Circuit's docket in petitioner's appeal belies his claims.

On December 21, 2017, the Fifth Circuit ruled that appellate counsel's *Anders* brief was inadequate, and ordered counsel to file "a supplemental *Anders* brief addressing the above issues or, in the alternative, a brief on the merits addressing any non-frivolous issues that counsel deem[ed] appropriate." *Hurt*, Appeal No. 17-40467. On February 12, 2018,

23

appellate counsel filed a merits brief, challenging the validity of petitioner's appeal waiver and arguing that this Court abused its discretion in denying petitioner's motion to withdraw his guilty plea and failing to hold an evidentiary hearing.  The Fifth Circuit subsequently accepted the brief and ruled on the merits.  Thus, counsel complied with the Fifth Circuit's order of December 21, 2017.

In its order of February 12, 2018, the Fifth Circuit required appellate counsel to show cause as to why appellant's brief had not been filed.  However, appellate counsel filed appellant's brief that same day.  Counsel responded to the show cause portion of the order, describing his efforts to access sealed records and arguing that his failure to file the brief "was not done for delay, but was instead done to comply with the Court's order to brief the issue regarding the motion to withdraw the guilty plea."  Because counsel remedied the filing default, the Fifth Circuit did not dismiss the appeal and ruled on the merits of the case. Appellate counsel complied with the Fifth Circuit's orders.

Moreover, counsel properly obtained access to the sealed documents in petitioner's case.  On January 30, 2018, counsel filed a motion to unseal documents, which this Court granted on February 8, 2018.  (Docket Entries No. 109, 110.)  Thus, appellate counsel correctly investigated and obtained the sealed documents.

Petitioner establishes neither deficient performance nor actual prejudice, and his claims against appellate counsel are dismissed as groundless.

## V.  CONCLUSION

Petitioner's section 2255 motion (Docket Entry No. 167) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED** to terminate the related civil case in this matter, C.A. No. L-19-0169 (S.D. Tex.).

Signed at Houston, Texas, on this the _22_ day of September, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE